MURRAY, Respondent, vs. OLIVER, Appellant.

1. The admissions of the obligee of a bond, while he was the owner of it, that it was given for an illegal consideration, are competent evidence against his assignee.
2. If evidence of such admissions is excluded, the error is not cured by the fact that the obligee is afterwards sworn as a witness, at the instance of the party offering them.

*Appeal from Callway Circuit Court.*

Murray sued Oliver by attachment, on a bond for two hundred and fifty dollars, executed by T. P. Allen, Francis S. Smith and the defendant, and also on a note for eighteen dollars and sixty-three cents, made by the defendant. The defendant, in his answer, admitted the execution of the note and alleged a tender, but set up as a defence to the bond, that it was given to secure a sum of money won by James D. McGary, the obligee therein, of Thomas P. Allen, on a wager as to the result of the presidential election in 1840. On the trial, the

defendant offered to prove, by several witnesses, admissions by McGary, while he was the owner of the bond, and before he assigned it to the plaintiff, of the facts constituting the defence. McGary was present in court at the time. The court excluded this evidence as incompetent. Afterwards, at the instance of the defendant, McGary was sworn as a witness, and stated that the bond was not given for the consideration named in the answer. There was a verdict and judgment for the plaintiff and the defendant appealed to this court.

*Ansell*, for appellant.

*Hardin*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The only question we are called upon to decide in the present case is, whether the admissions of McGary, in relation to the consideration of the bond declared upon, made while he was the owner of the bond, were admissible in evidence against the plaintiff, his assignee, when McGary himself was alive and present in court, and competent to testify.

The assignee of a bond obtains " no greater title to, or interest in the bond than the person had from whom he acquired it." " The nature of the defence of the obligor is not changed by the assignment, but he may make the same defence against the bond or note in the hands of the assignee that he might have made against the assignor." R. C. 191.

The admissions of the obligee in a bond, made while he was the owner of the instrument, are, beyond all question, competent evidence against his assignee, even when the assignor is present at the trial, and competent as a witness.

In regard to negotiable paper, actually negotiated before maturity, to a *bona fide* indorsee, the law is different ; but we are not considering the case of such paper. There would be no profit in referring to the cases upon this question, as the law is beyond doubt. They are referred to in the notes to Phillips, 663.

2. The fact that McGary was sworn as a witness in this case, after the court had rejected the evidence of his admissions, does not cure the error. His admissions were competent evidence, whatever might be his testimony on the trial, and the party was only driven to use him as a witness by the previous exclusion of the admissions.

The judgment is reversed, and the cause remanded.